IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
PROGRESSIVE MOUNTAIN INSURANCE    *
COMPANY,                          *
                                  *
         Plaintiff,               *
                                  *       CV 113-213
    v.                            *
                                  *
COREY DRU ANDERSON, ADAM DUANE    *
CASON, and SOUTHERN TRUST         *
INSURANCE COMPANY,                *
                                  *
         Defendants.              *
```

## O R D E R

Presently before the Court is Progressive Mountain Insurance Company's ("Progressive") Motion for Default Judgment as to Defendant Corey Dru Anderson ("Anderson") (Doc. 33). For the reasons set forth below, Plaintiff's Motion for Default Judgment (doc. 33) is **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

On November 26, 2013, Progressive filed the present action seeking declaration from this Court as to what, if any, coverage obligation it owes to Anderson — its insured — following a car accident in McDuffie County, Georgia.[1] Specifically, Progressive alleges that it does not owe coverage under the insurance policy because the car involved in the accident was not an "insured auto"

---

[1] The underlying accident occurred when Anderson rear-ended Defendant Adam Duane Cason's car. (Doc. 33 at 2.) Cason originally filed suit in the Superior Court of McDuffie County, but has since dismissed that action and re-filed in this Court. (Id.)

or "non-owned auto" and Anderson failed to provide timely notice of the accident and underlying lawsuit. (Doc. 1.)

Anderson was served on April 14, 2014, but has otherwise failed to plead or respond to the complaint. (See Docs. 13, 18.) Following the clerk's entry of default, Progressive filed its first Motion for Default Judgment on May 20, 2014 (doc. 19). Finding that Progressive had failed to establish the requisite amount in controversy, this Court denied that motion with leave to renew (doc. 30). Thereafter, Progressive re-filed its Motion for Default Judgment with additional documentation regarding the amount in controversy (doc. 33). Progressive filed its Motion for Summary Judgment on the same day (doc. 31).

## II. DISCUSSION

When a party fails to "plead or otherwise defend" an action, the clerk must enter the party's default. FED. R. CIV. P. 55(a). "The entry of a clerk's default, however, does not necessarily require the Court to enter a default judgment[,]" Zurich Am. Ins. Co. v. Ednic Trading Corp., No. 13-62229-CIV, 2014 WL 869216, at *1 (S.D. Fla. Mar. 5, 2014), and "defaults are seen with disfavor" given "the strong policy of determining cases on their merits[.]" Gulf Coast Fans, Inc. v. Midwest Elec. Imps., Inc., 740 F.2d 1499, 1510 (11th Cir. 1984). "When there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment against only one of the defendants." Owners Ins. Co. v. Shamblin & Shamblin Builders, Inc., No. 8:13-cv-1929-T-30MAP, 2013 WL 6170597, at *1

2

(M.D. Fla. Nov. 21, 2013); Northland Ins. Co. v. Cailu Title Corp., 204 F.R.D. 327, 330 (W.D. Mich. 2000) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants.") (internal quotations omitted). In fact, "[i]t is not an uncommon practice in this Circuit to delay the entry of a final default judgment in situations where an insurer seeks a declaration that it has no duty to defend or indemnify the defaulting defendant and the other non-defaulting defendants contest the insurer's allegations." Owners Ins. Co., 2013 WL 6170597, at *2. This delay is particularly appropriate where the entry of default judgment as to one defendant may result in inconsistent judgments with regard to the others. Zurich, 2014 WL 869216, at *1.

Although it is true that Defendant Anderson is in default, Defendants Cason and Southern Trust Insurance Company — Cason's uninsured motorist provider — have fully participated in the litigation. In fact, these defendants have timely responded to Progressive's Motion for Summary Judgment, which is currently under the Court's review. As the case remains pending as to these two defendants, and in the interest of avoiding potentially inconsistent judgments interpreting the same policy, the Court concludes that the entry of default judgment would be improper at this juncture. See Prudential Ins. Co. of Am. v. Crouch, No. 1:09-cv-148, 2010 WL 5071392, at *6 (S.D. Ga. Dec. 7, 2010) (recognizing the risk of "inconsistent adjudications" and delaying entry of

3

default judgment until a decision is reached on the merits); <u>Global Aerospace, Inc. v. Platinum Jet Mgmt., LLC</u>, No. 09-60757-CIV, 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009) ("[C]ourts routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated."). Thus, judgment as to Anderson shall be delayed until a decision is made on the merits of Progressive's claim to avoid "logically inconsistent judgments in the same action." <u>Prudential Ins. Co.</u>, 2010 WL 5071392, at *6 (internal citations omitted.).

### III. CONCLUSION

Based upon the foregoing, Progressive's Motion for Default Judgment (Doc. 33) is hereby **DENIED WITHOUT PREJUDICE** to be reasserted at an appropriate time consistent with this Order.

**ORDER ENTERED** at Augusta, Georgia, this ___8th___ day of December, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4